JOHN GILLMAN, Petitioner, v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Gillman v. Commissioner
Docket No. 12276-89.
United States Tax Court
T.C. Memo 1992-31; 1992 Tax Ct. Memo LEXIS 27; 63 T.C.M. (CCH) 1821; T.C.M. (RIA) 92031; January 14, 1992, Filed *27 John Gillman, pro se. Benjamin M. Abalos, for respondent. WRIGHT, Judge. WRIGHT
MEMORANDUM OPINION This matter is before the Court on respondent's motion to dismiss for failure to prosecute pursuant to Rule 123(b) [1] or for failure to produce evidence pursuant to Rule 149(b). The relief requested in this motion is that we enter a decision upholding the deficiencies and additions to tax determined against petitioner for the taxable years 1980, 1981, and 1982 to the extent such deficiencies and additions are not conceded by respondent. Prior to trial in the instant case, the parties reached agreement with respect to most of the issues in this case. For the taxable year 1980, the parties reached an agreement on the following issues: (1) Petitioner is entitled to an additional deduction of $ 80 for amounts expended on *28 automobile insurance relating to his construction business; (2) petitioner is entitled to deduct the disputed travel and entertainment expenses of $ 2,118 relating to his construction business; (3) petitioner is entitled to deduct the disputed business promotion expenses relating to his construction business to the extent of $ 434; (4) petitioner is entitled to deduct the disputed car and truck expenses relating to his construction business to the extent of $ 482; (5) petitioner is not entitled to deduct the disputed legal expenses of $ 1,089 relating to his construction business; (6) petitioner recognized zero gain or loss on the sale of property located in San Diego County rather than a loss originally determined by petitioner of $ 35,712; and (7) petitioner mailed his Federal individual income tax return for this year on the extension due date.
For the taxable year 1981, the parties reached an agreement on the following issues: (1) Petitioner recognized income in the amount of $ 3,975 from his partnership interest in Flower Place Too rather than a loss reported in the amount of $ 15,594; (2) petitioner is not entitled to the $ 3,000 capital loss carryover *29 claimed from taxable year 1980 for the sale of the San Diego County property; (3) Flower Place Too had $ 6,321 of qualified nonrecovery property eligible for an investment tax credit. Petitioner's distributive share of this amount is $ 3,161 rather than $ 12,700 reported by petitioner; and (4) petitioner filed his Federal individual income tax return after the extension due date.
For the taxable year 1982, the parties reached agreement on the following issues: (1) Petitioner is not entitled to the $ 3,000 capital loss carryover claimed from taxable year 1980 for the sale of the San Diego County property; (2) petitioner recognized a loss in the amount of $ 4,382 from his partnership interest in Flower Place Too rather than a loss reported in the amount of $ 5,869; (3) Flower Place Too had $ 324 of investment tax credit recapture income. Petitioner's distributive share of this amount is $ 162; and (4) petitioner filed his Federal individual income tax return after the extension due date.
After these pre-trial concessions, the following issues remained for decision: (1) Whether petitioner is liable for an increase in self-employment tax for the taxable year *30 1980 in the amount of $ 374 due to the disallowance of deductions relating to petitioner's construction business; (2) whether petitioner recognized a capital gain in the taxable year 1982 in the amount of $ 1,989 (after an applicable section 1202 capital gains deduction) from the sale of his partnership interest in Flower Place Too; (3) whether petitioner is liable for an increase in self-employment tax for the taxable year 1982 in the amount of $ 139 due to an increase in total self-employment income resulting from a decrease in loss from his interest in Flower Place Too; and (4) whether petitioner is liable for the addition to tax pursuant to section 6651(a)(1) for failure to timely file a return for taxable years 1980, 1981, and 1982. At the close of petitioner's presentation of his case at trial, respondent orally moved that we dismiss this case because petitioner failed to prove that these remaining determinations were incorrect. Rule 149(b) provides that if a party fails to produce evidence in support of an issue of fact as to which he has the burden of proof and which has not been conceded by such party's adversary, such is grounds for dismissal or for determination of the *31 affected issue against that party. Dismissal of a case is a sanction resting in the discretion of the trial court. . We note first that due to respondent's concession regarding the mailing date of petitioner's 1980 tax return, petitioner is not liable for the section 6651(a)(1) addition to tax for failure to timely file a tax return in taxable year 1980. Petitioner introduced insufficient evidence to dispute respondent's remaining determinations. Accordingly, because petitioner has failed to meet his burden of proof on these remaining issues, we hereby grant respondent's motion to dismiss for failure to produce evidence pursuant to Rule 149(b) to the extent of issues and facts not conceded by respondent. To reflect the foregoing, An appropriate order and decision will be entered. Footnotes
1. All section references are to the Internal Revenue Code as amended and in effect for the years in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.↩